# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER COLEMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23CV00022 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **STEPHEN CLEAR, in his Official** | ) | JUDGE JAMES P. JONES |
| **as Superintendent of the** | ) | |
| **Southwest Virginia Regional Jail** | ) | |
| **Authority, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*James E. Slone*, JAMES E. SLONE, P.C., Grundy, Virginia, *for Plaintiff; Brian J. Brydges*, JOHNSON, AYERS & MATTHEWS, P.L.C., Roanoke, Virginia, *for Defendants Stephen Clear and Southwest Virginia Regional Jail Authority.*

The plaintiff, Christopher Coleman, brings this action against Stephen Clear, Superintendent of the Southwest Virginia Regional Jail Authority (SWVRJA), the SWVRJA, and an unknown number of SWVRJA Does. He asserts a claim under 42 U.S.C. § 1983 for unreasonable search and false imprisonment in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Coleman also brings a claim for state law false imprisonment against all of the defendants. Clear and the SWVRJA have filed the present joint Motion to Dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). For the following reasons, I will grant the motion but will grant leave to amend.

I. BACKGROUND.

Coleman alleges the following facts, which I must accept as true for the purposes of the present motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On July 28, 2021, Coleman was driving from Saltville to Haysi, both located within this judicial district, when he was involved in a traffic collision that left his vehicle inoperable. Police officers arrived at the scene and interviewed Coleman. The officers did not find any reason to arrest him and allowed him to leave. Coleman then decided to walk back to Haysi from the scene of the accident, a distance of over 45 miles. The weather was hot and sunny, in the high 80s. He received several "courtesy rides" from police officers and a State Trooper but also walked for long distances. During each courtesy ride, Coleman explained his situation and was allowed to continue on his way without being detained. He was dropped off shortly before nightfall at Big A Mountain, where he began feeling light-headed and faint from walking in the heat without food or water. Coleman additionally has several mental illnesses that make it difficult for him to cope with stressful situations. He fell unconscious and sustained several cuts and injuries.

Buchanan County Sheriff's Deputy J. Davis was on patrol around 1 AM on July 29, 2021, and discovered Coleman laying on the shoulder of the roadway. Davis woke Coleman up and noted in his report that Coleman was "extremely unsteady on his feet, with glassy eyes, and slurred speech." Compl. ¶ 11 ECF No. 1. After

obtaining a warrant from a Virginia magistrate, Davis arrested Coleman for public intoxication. The magistrate then issued a Commitment Order that specified "Release by Judicial Officer to custody of responsible person or when accused is no longer intoxicated." *Id*. at ¶ 15. Coleman was then brought to the SWVRJA Haysi facility and processed by one or more SWVRJA Does. He has limited memory of this time period and has no recollection of any health evaluation or care being provided at intake.

Coleman then woke up in a small room, believed to be the "Drunk Tank" at the Haysi Jail Facility. He is unsure how long he was there. As there was no toilet, he lay on the floor next to his own excrement. He begged for something to drink and was given three half-pint cartons of milk. When Coleman asked where he was and why he was there, one of the SWVRJA Does informed him that he was in jail for being intoxicated and that Coleman was suicidal. He was later moved to a cell with a toilet and was told that he was on suicide watch. During this time, Coleman was not allowed to call his wife or mother. Coleman alleges that, acting according to policies or custom or their ad hoc decision, the SWVRJA Does only allowed him to wear a blue polyester vest or an anti-suicide blanket. Coleman was not given food or water until his third or fourth day in jail.

On August 2, 2021, Coleman was released upon an order issued by Virginia Magistrate Albert Hagy. He was given no explanation of why he had been confined

and why he was released. Coleman's wallet and mental health notebook where he documented his feelings and life events were returned to him, but he was missing a one-dollar bill as well as a large portion of prescribed pills. Coleman recalls hearing one of the SWVRJA Does mention that they had read his notebook without a warrant and became concerned that he was suicidal.

Coleman seeks compensatory and punitive damages as well as attorneys' fees and costs.

## II. STANDARD OF REVIEW.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not meet the Rule 8 pleading standard. *Id.*

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

III. DISCUSSION.

A. Count I.

In Count I, Coleman asserts a claim under § 1983 for unreasonable search and false imprisonment in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. He alleges that the defendants violated his Fourth Amendment rights by keeping him in protective custody for longer than was necessary and for searching his mental health notebook. Coleman also alleges that the defendants violated his Fifth Amendment right to due process, Eighth Amendment right against cruel and unusual punishment, and the Fourteenth Amendment Privileges or Immunities, Due Process, and Equal Protection clauses.

The heading of the Complaint indicates that defendant Clear is being sued in his official capacity as Superintendent of the SWVRJA. Compl. 1, ECF No. 1.*

As the defendants correctly assert in their briefing, official capacity suits are those that name the individual in order to claim liability against an entity, of which the individual was the agent. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). I assume that the plaintiff meant to sue Clear in his individual capacity while he was acting under color of state law as the Superintendent of SWVRJA. *Mktg.*

---

* The heading of the Complaint says that Clear is sued "in his Official as Superintendent." *Id.* However, normal usage and later pleadings indicate that the word "Capacity" was left out in error, and I will direct the Clerk to amend the name of the case on the docket.

*Info. Masters, Inc. v. Bd. of Trs.*, 552 F. Supp. 2d 1088, 1095 ("The deciding factor for ascertaining whether a suit is an official capacity suit or an individual capacity suit is not how the suit is labeled by the plaintiff, but rather the nature of the suit.").

Even assuming that Clear is sued individually, in order to state a claim under § 1983 against him, Coleman must plausibly allege that Clear, "through [his] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a under a theory of *respondeat superior*." *Id.* However, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791,798 (4th Cir. 1994). To establish supervisory liability under § 1983, the plaintiff must first establish "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff." *Id.* at 799 (internal quotations omitted).

Coleman has not alleged facts sufficient to support a claim of direct or supervisory liability under § 1983. There are no details as to specific unconstitutional actions taken by Clear or policies that he implemented or enforced as superintendent, or that he had actual or constructive knowledge of actions taken by the SWVRJA Does.

Coleman also brings a claim against SWVRJA. "Regional jail authorities and other local governing bodies can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Thacker v. SWVRJA-Duffield*, No. 7:22CV00226, 2022 WL 2003583, at *1 (W.D. Va. June 6, 2022) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)) (alterations and internal quotations omitted). The plaintiff must show that a policy promulgated by the jail authority was "the moving force" behind the deprivation of which he complains. *Polk Cnty v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks and citation omitted).

Coleman's complaint mentions only one policy. He states that the SWVRJA Does, "acting according to policies or custom or their *ad hoc* decision," required him to wear only "a blue polyester vest or suicide blanket." Compl. ¶ 26, ECF No. 1. This policy could not have been the moving force behind the constitutional violations he alleges. Coleman states that the defendants kept him in protective custody for longer than necessary and searched his mental health notebook without a warrant. However, the search of Coleman's notebook is what brought about him being forced to wear the anti-suicide vest or blanket. Additionally, the anti-suicide

vest policy could not have been the moving force behind the decision to keep Coleman in protective custody for longer than necessary.

Because Coleman has not adequately pled facts under § 1983, the motion to dismiss as to Count I against Clear and the SWVRJA will be granted.

### B. Count II.

Count II, a state law claim, asserts that the defendants falsely imprisoned Coleman by detaining him for over five days after he was arrested for public intoxication. Coleman argues that he should have been released after a few hours and that the SWVRJA had no right to detain him for longer.

The parties disagree as to which statute of limitations applies to Coleman's claim. The defendants argue that Va. Code Ann. § 8.01-243.2 bars Count II. That provision of state law imposes a one-year limitation period on suits brought by or on behalf of a person confined in a state or local correctional facility that are related to the conditions of confinement. The plaintiff argues that Va. Code Ann. § 8.01-195.7, which allows for suits filed within two years after the cause of action accrues, should apply.

Section 8.01-243.2 applies "to all personal injury actions relating to the conditions of an individual's confinement, 'regardless of whether the plaintiff is still incarcerated when such action is filed.'" *Love v. Lloyd*, No. 5:20-CV-00070, 2023 WL 4850767, at *6 (W.D. Va. July 28, 2023) (quoting *Lucas v. Woody*, 756 S.E.2d

447, 451 (Va. 2014)). "For the one-year provision in Code § 8.01-243.2 to apply, the plaintiff must have been 'confined' at the time the cause of action accrued, and the cause of action must relate to plaintiff's 'conditions of confinement.'" *Bing v. Haywood*, 722 S.E.2d 244, 246 (Va. 2012) (quoting Va. Code Ann. § 8.01-243.2). I find that section 8.01-243.2 applies to Coleman's claim. Coleman was confined to the SWVRJA facility in Haysi at the time the cause of action accrued. His state law false imprisonment claim arises entirely out the conditions of his confinement, namely its improper duration. As the suit was filed on July 31, 2023, nearly two years after Coleman was released from custody on August 2, 2021, Count II must be dismissed as time barred.

IV.   CONCLUSION.

For the foregoing reasons, the defendants' Motion to Dismiss, ECF No. 8, is GRANTED. Count II is DISMISSED with prejudice. Leave is GRANTED to the plaintiff to file an amended complaint as to Count I, provided such amended complaint is filed within 28 days hereof. The Clerk shall amend the heading of the case on the docket to add the word "Capacity" as referred to in the footnote on page 5.

It is so **ORDERED**.

ENTER:   April 9, 2024

/s/  JAMES P. JONES  
Senior United States District Judge