JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Christopher Coleman | Southwest Virginia Regional Jail Authority |

| (b) County of Residence of First Listed Plaintiff   Buchanan | County of Residence of First Listed Defendant   Washington |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| James E. Slone, P.C.  Box 1113, Grundy, VA 24614  (276) 597-7455 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | **PERSONAL INJURY** | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | |
| | | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
False Imprisonment

| VII.  REQUESTED IN COMPLAINT: | [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND:  [x] Yes  [ ] No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| May 7, 2024 | *James E. Slone* |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STAES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

_____
                                                                    )
CHRISTOPHER COLEMAN                          )
                                                                    )
                   Plaintiff,                               )
                                                                    )
v.                                                                )
                                                                    )
STEPHEN CLEAR , IN HIS OFFICIAL          )
CAPACITY AS SUPERINTENDENT OF       )
THE SOUTHWEST VIRGINIA REGIONAL  )
JAIL AUTHORITY                                          )
                                                                    )
And                                                            )
                                                                    )    Case No.  1:23CV00022  .
SOUTHWEST VIRGINIA REGIONAL JAIL   )
AUTHORITY                                                )
                                                                    )
And                                                            )
                                                                    )
UNKNOWN  "SWVRJA DOES",                     )
                                                                    )
                   Defendants.                          )
                                                                    )
Serve:  Steven Clear   Superintendent         )
           Southwest Virginia Regional Jail Authority )
           15205 Joe Derting Drive                    )
           Abingdon, Virginia – 24210              )
_____)

## AMENDED COMPLAINT

1.    Plaintiff Christopher Coleman, by counsel, for his Amended Complaint, seeking

judgment against the Defendants, Stephen Clear, in his official capacity as Superintendent of the

Southwest Virginia Regional Jail Authority, the Southwest Virginia Regional Jail Authority (SWVRJA), an entity; and an additional number of unknown "SWVRJA Does":

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over Christopher Coleman's federal law claims pursuant to 28 U.S.C.A. § 1331 and 1343(a)(3), (4).

3.      Venue is proper, pursuant to 28 U.S.C. § 1931(b), because a substantial part of the acts and omissions giving rise to Christopher Coleman's claims occurred within the Western District of Virginia.

4.      Assignment to the Abingdon Division of the Western District of Virginia is proper, pursuant to Western District of Virginia Local Rules 2(a)(7) and 2(b), because the Southwest Virginia Regional Jail Authority headquarters is in Washington County, a significant number of individual defendants reside in the Abingdon Division of the Western District of Virginia and the arrest, initial arraignment, subsequent incarceration and all incidents charged in this complaint, as well as the related the state trial concerning the original arrest, took place in Buchanan County, within the Abingdon Division of the Western District of Virginia.

## PARTIES

5.      At all relevant times, Plaintiff Christopher Coleman ("Plaintiff") was a natural-born citizen of the United States and a resident of the state of Virginia; as such he was entitled to all the rights, immunities, protections, and privileges provided such citizens by the Constitutions and statutes of the United States of America and the Commonwealth of Virginia.

2

6.     At all relevant times, Defendant Stephen Clear was Superintendent of the Southwest Virginia Regional Jail Authority; Defendant Southwest Virginia Regional Jail Authority ("SWVRJA") operated, and continues to operate, a group of regional jail facilities within the Western District of Virginia; on behalf of a consortium of local jurisdictions, under the authority of the Code of Virginia 1950 as amended, §53.1-95.2, et *seq.* and related statutes; that among those is the SWVRJA Haysi facility, where the acts complained of herein took place; likewise, the unknown individual "SWVRJA Doe" Defendants are employed by the SWVRJA, working within its facilities in the Western District of Virginia.

7.     The Defendant Southwest Virginia Regional Jail Authority is established under authority of Code of Virginia 1950, as amended, § 53.1-95.7 as "an instrumentality exercising public and essential governmental functions to provide for the public safety and welfare" and is authorized, among other things, "To sue and be sued in its own name, plead and be impleaded". Further, SWVRJA and similar facilities are regulated by the (Virginia) State Board of Local and Regional Jails, pursuant to Virginia Code § 53.1, *et seq.*, which establishes "operational and fiscal standards governing the operation of local and regional correctional facilities," and "minimum standards for health care services in local, regional, and community correctional facilities and procedures for enforcing such minimum standards."

8.     The Defendant Southwest Virginia Regional Authority, its Superintendent Stephen Clear and the Unknown "SWVRJA Does" are charged with specific obligations under multiple federal and state statutes and related regulations, rules, etc., relating to the treatment of, care for, and accommodations of all inmates placed into their custody by the courts, magistrates, and law enforcement agencies of the various jurisdictions they serve.

3

9.     At all relevant times, all Defendants were acting under color of state law.

10.     At all relevant times, all Defendants were obliged to respect and honor the rights, privileges and protections afforded to every citizen of the United States and the Commonwealth of Virginia. Including the constitutions, statutes, common law, rules and regulations, applicable to each.

## STATEMENT OF FACTS

11.     Plaintiff asserts that at all times relevant to the issues raised herein he was in compliance with all statutes and laws of the United States of America and the Commonwealth of Virginia, as well as any local ordinances, etc., of any local jurisdictions where he may have been present; further, he categorically denies any use of alcohol, illegal substances, or any other contraband, or improper of any legal medications or substances, on or about the times relevant hereto.

12.     On July 29, 2021, in the early morning hours, Plaintiff Christopher Coleman was arrested by a Buchanan County Virginia Sheriff's Deputy on a charge of public intoxication (Virginia Code § 18.2-388) on a rural highway between Honaker and Haysi, Virginia; and ultimately placed in the SWVRJA Haysi facility.

13.     Pertinent events, prior to arrest, but significant to understanding the case, are as follows:

    a.  During July, 2021, Christopher Coleman was staying with his mother in
        Haysi, having separated some weeks before from his wife (who resided in

4

Saltville, Virginia). His mother's residence was about two miles from the
SWVRJA Haysi unit.

b.  Plaintiff Coleman suffers a history of mental illnesses, with several different
diagnoses. He has difficulty dealing with stressful situations. He also suffers a
'lazy eye' condition which causes him to focus through one eye at a time and
limits his ability to follow objects with both eyes; further he requires
corrective lenses on account of other vision problems (which make it difficult
or impossible to read or have adequate visual functioning without such).

c.  On the day prior to his arrest, Plaintiff Coleman left his mother's home and
traveled to Saltville to deal with issues over his separation from his wife. The
visit was peaceful, but emotional and stressful.

d.  . He departed the wife's home, about midday, traveled some distance and
became involved in a traffic collision that left his vehicle inoperable. Police
investigated the wreck, interviewed the Plaintiff, issued a summons to him,
but found no reason to arrest him, and allowed him to leave the scene of the
accident.

e.  In spite of the hot sunny weather with temperatures in the high 80's to near
90, Plaintiff decided to walk back to Haysi (a distance of over 45 miles,
approximately a 15-hour trek on foot). Along the way, he was able to obtain
'courtesy rides', from a State Police Trooper and some local officers (none of

whom saw fit to detain him). However, there were still times when he was
walking for lengthy periods, with occasional rests beside the road.

f.    Sometime after nightfall, his last 'courtesy ride' brought him to the top of Big
A Mountain, at the Russell County-Buchanan County line; some 17 miles
from his mother's residence.

d.    Through this time during these 'courtesy ride' encounters with police, he
explained his situation to the officers, and had been allowed to continue on his
way, once the officers reached the limit of their assigned areas.

e.    At Big A Mountain, he began walking again. However, the effects of the heat,
lack of food and water, other difficulties described in preceding paragraphs
combined with his mental illness problems, were causing him to experience
light-headedness, and feelings of approaching unconsciousness. This led to
him fainting, falling, apparently incurring cuts and injuries and increasing
confusion; followed by an apparent loss of consciousness.

f.    His next recollection was waking up with lights shining in his face.

14.    Buchanan County Sheriff's Deputy J. Davis was assigned to patrol duty in
Buchanan County; encountered the Plaintiff; and at 1:24 AM on July 29, 2021 filed a criminal
complaint alleging:

"On 7-29-2021 while on patrol in the Big A Mtn. area of Buchanan County Va. I
observed a male laying on the shoulder of the roadway. I approached the male

woke him and identified him as Christopher Coleman. I asked Coleman to get up and have a seat on the guardrail. He was extremely unsteady on his feet, with glassy eyes, and slurred speech. I placed Coleman under arrest for intoxicated in public." (Exhibit #1 Attached).

15.     There is no record concerning any scientific sobriety tests or any inquiries concerning what was, or might be, causing the behavior the Plaintiff exhibited; statements made by the Plaintiff, or any other factors taken into account by the Deputy.

16.     Virginia Magistrate Evan Baker issued a Warrant of Arrest against Plaintiff Coleman, charging violation of Virginia Code § 18.2-388, at 1:27 AM on July 29, 2021. (Exhibit #2 Attached)

17.     Deputy Davis executed the warrant by arresting Plaintiff at 1:27 AM, on July 29, 2021.

18.     Magistrate Evan Baker then issued a Commitment Order against Plaintiff Christopher Coleman at 1:31 AM on July 29, 2021; which included allowance of a Recognizance Bail and allowed (by check mark on the preprinted form) "Release by Judicial Officer to custody of responsible person or when accused is no longer intoxicated." (Exhibit #4 Attached).

19.     There is no record of any illegal or inappropriate actions or behavior on the part of the Plaintiff at any time from his initial encounter with Deputy Davis, during his subsequent appearance at the Buchanan County Sheriff's office, including his appearance before any magistrate, or any other occasion during the next several days, through the time of his ultimate

release from the Southwest Virginia Regional Jail Authority's Haysi Unit as further described below.

20.     The Plaintiff's recollection of this period is very limited; he doesn't recall what the officer was telling him; only the blinding flashlights shining his face. Plaintiff does not recall being in a police vehicle, nor appearing before Magistrate Baker. His next recollection is being chained up in some kind of vehicle or van.

21.     Plaintiff does recall telling someone, one of the Defendant SWVRJA Does, during this episode that he was "trying to get to his mother's home in Haysi."

22.     One or more of the Defendant SWVRJA Does processed the Plaintiff into the Haysi facility's custody. Plaintiff has no recollection of any intake physical or mental evaluation; nor any emergency medical or mental health care being offered or provided at intake.

23.     Plaintiff recalls a young Defendant SWVRJA Doe, with a tattoo on his arm, shoving Plaintiff around.

24.     The Plaintiff's next recollection is waking up in a barren small room (believed to be the Haysi Jail Facility 'Drunk Tank' or some such isolation device) absent anything except a tiny grate in the floor, which he surmised was his 'toilet'. He recalls feeling like he spent days laying in the floor next his own excrement. This was while he had unbandaged wounds (apparently incurred when he fell alongside the highway). He does not recall being provided any personal hygiene items or toilet tissue.

25.    The Plaintiff recalls being in tears and begging for fluids. He was eventually given three tiny (half-pint) cartons of milk which he drank immediately. He cannot fix the length of time he lay there, waking up only to ask for something to drink.

26.    After an undetermined period, he began to gather his thoughts and started asking about where he was and why he was there. One of the Defendant SWVRJA Does advised he was "in jail" on a charge of being "intoxicated".

27.    Sometime later, the Plaintiff asked more questions about his circumstances and was told by a Defendant SWVRJA Doe that he was "suicidal".

28.    At some point, some "SWRJRA Does" moved him to a cell with a toilet; and told him that he was on a 'suicide watch'.

29.    He asked to call his wife or mother. But the Defendant "SWVRJA Does" never made that possible, nor did they provide any help in getting word to his family concerning his whereabouts or circumstances.

30.    Apparently, acting according to policies or custom or their *ad hoc* decision, the Defendant SWVRJA Does required him to be naked; allowed him only a blue polyester vest or 'suicide blanket' which was all he had to keep himself warm.

31.    When he found it necessary to use the toilet in his cell, he was given no tissue and had to use the blanket to clean himself. He asked for a new one, but the Defendant SWVRJA Does on duty (on duty at that time) never brought it. Later, after the work shift changed, a different officer provided him a replacement. At about this time, he started yelling "Torture".

32.     Plaintiff recalls not getting food or water (other than the previously mentioned milk) until the third or fourth day he was in custody.

33.     Plaintiff later learned that, during this time, his family was making frantic efforts to locate him, fearing that he might be in some serious situation, or even dead.

34.     On Monday, August 2, 2021, at 11:02 AM, Virginia Magistrate Albert Hagy issued a Release Order for the Plaintiff. At 11:04 AM on that date, a SWVRJA Officer released him. At that time, Plaintiff was given no explanation of what had transpired to require his extended confinement, nor what prompted his release. (Exhibits # 5 and # 6 attached). Since that time, through the present, Plaintiff has been given no such explanation or information about any details of his confinement.

35.     Among the personal items returned to the Plaintiff by the Defendant SWVRJA Does was his wallet, which was missing a one (1) dollar bill, the only money the Plaintiff had in his possession when arrested.

36.     Contrary to appropriate procedure, Defendant SWVRJA Does did not return all of the Plaintiff's property to him. Two days after his release, some of his medications were returned by a Defendant SWVRJA Doe medical staff member, when Plaintiff and his mother returned to the facility to inquire about missing items. However, a large portion of pills from a recently filled prescription were missing.

37.     Among the property returned to the Plaintiff was a notebook which his mental health therapists had taught him to use to document his feelings and life events, in a part of his

treatment program. At some point during his confinement, he recalls hearing a mention from one of the Defendant "SWVRJA Does" that they had read this book and become concerned that he was 'suicidal'.

38.     Plaintiff avers that if he was 'suicidal' proper medical attention should have been provided in a hospital or appropriate mental health facility.

39.     Plaintiff avers his commitment order required release when no longer intoxicated. A mental condition involving a 'suicidal' situation is not intoxication; it is an emergency. A jail is not a mental health facility. There is no record of a "TDO", mental health referral etc.

40.     On information and belief, there was no search warrant issued for a search of the contents of his personal log. There was no institutional purpose in examining the private writings in Plaintiff's property and such reading was a violation of the guarantee of security "in persons, houses papers, and effects from unreasonable searches" under the Fourth Amendment.

41.     Plaintiff has attempted to get records relating to his detention or imprisonment at the Southwest Virginia Regional Jail Authority's Haysi Unit in order to accurately identify and name the specific individuals whose actions are described herein. However, the Authority's officials have declined to release such information, in "exercise of his discretion to withhold the record" requested. For that reason, "SWVRJA Does" has been used as a description.

42.     The Plaintiff suffers vision problems and requires glasses for reading and normal vision. His glasses were lost during the incidents described; thus, he could not see those with whom he was dealing. Further, on account of his mental issues and physical problems described

above, he has only limited recollections of his times in custody. (The glasses were subsequently recovered on Big A Mountain.)

43.     The underlying legal criminal charge against Plaintiff (violation of Virginia Code §18.2-366) were resolved and ended favorably when, on August 19, 2021, in the General District Court of Buchanan County when he appeared *pro se,* entered a Not Guilty plea, and, upon hearing, the Court dismissed the charge. (Exhibit #3 Attached)

## COUNT I

### 42 U.S.C. §1983: False Imprisonment

44. Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

45.     Upon receiving Plaintiff on the magistrate's commitment order, SWVRJA became totally responsible for his care, supervision and treatment. He was charged with a Class IV misdemeanor, which (if convicted) carries no possibility of incarceration.  As evidenced by the General District's final disposition, Plaintiff was not guilty of intoxication. There is no evidence available that demonstrates any intoxication. A reasonable observation of the Plaintiff's condition provided notice to SWVRJA that he was suffering a medical and/or mental crisis. The magistrate's order specified release to a responsible party, or when 'no longer intoxicated.'

46.     42 U.S.C. § 1983 provides that:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

47.     The described circumstances (no crime, no jail time authorized, Plaintiff's obvious condition, and his being confined for over four days, without allowing him contact with family, or SWVRJA initiation such contacts on his behalf) demonstrate a violation of the Defendants' duties toward the Plaintiff and amount to unlawful detention or false imprisonment.

48.     Such unlawful detention or false imprisonment resulted in acts of cruel and unusual punishment, intentional infliction of emotional distress, physical and mental abuse, aggravation and exacerbation of his already existing mental and physical conditions, continuing and future injuries and complications

49.     Plaintiff was injured as a direct result of SWVRJA's and its employees conduct which demonstrates willful and wanton, reckless and/or callous indifference to the federally protected rights of the Plaintiff; if not an official (or officially condoned) policy on the part of the defendant, and was motivated by an evil intent. The unlawful actions of SWVRJA caused Plaintiff to suffer shame, fright, mortification, embarrassment, humiliation and loss of dignity and pride, mental anguish, emotional pain, torment and suffering.

50.     Alternatively, the Southwest Virginia Regional Jail Authority, and/or Superintendent Stephen Clear, and/or other managers, and/or the unknown "SWVRJA Does" all share responsibility on account of Negligent Supervision, Professional Misconduct, etc.

51.     Plaintiff was further injured by his illegal detention and false imprisonment in that, his next of kin were not notified of his confinement (even though one relative lived within 2

13

to 3 miles of the Haysi facility). These circumstances created by the SWVRJA resulted in

negative consequences including, but not limited to, (a) heightened anxiety and distress for both

the Plaintiff and his family members; (b) impossibility for arranging legal representation and bail

for the Plaintiff; and (c) delays in, and denial of, obtaining any medical attention for the

Plaintiff's physical and mental health needs.

52.    As a direct result of the Defendants' conduct, Plaintiff suffered severe physical,

mental, and emotional injuries and damages, including, but not limited to:

  a.  Shame, fright, mortification, embarrassment, humiliation and loss of dignity and
      pride, mental anguish, emotional pain, torment and suffering caused by the
      Defendants' unlawful violation of Plaintiff's constitutional rights;

  b.  Aggravation of his previous mental health conditions and severe deterioration of the
      healing he had been able to accomplish prior to the events herein described, caused
      by Defendants' unlawful violations of Plaintiff's constitutional rights.

53.    **WHEREFORE:** Plaintiff Christopher Coleman claims Compensatory damages

in the amount of THREE MILLION, TWO HUNDRED-FIFTY THOUSAND ($3,250,000.00)

DOLLARS; and claims an additional award for Punitive damages in the amount of THIRTY-

TWO MILLION, FIVE-HUNDRED THOUSAND ($32,500,000.00) DOLLARS, plus his costs

herein expended, and attorney's fees.

## COUNT II

**42 U.S.C. §1983: Unreasonable Search in Violation of the Fourth Amendment**

54.    Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as

if fully set forth herein.

55.     The Fourth Amendment to the United States Constitution provides the

> "right of the people to be secure in there persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized"

56.     This applies to all the SWVRJA Defendants; protects the rights of all citizens of the United States, of the State Virginia, and for purposes herein, specifically creates a duty on the SWVRJA to respect and protect the rights of the Plaintiff, Christopher Coleman.

57.     One of the "SWVRA Does" acknowledged to the Plaintiff that a notebook ("Papers") which had been removed from the Defendant and placed in secured storage as his personal property, had been seized, and examined by SWVRJA personnel, establishing a breach of that duty.

58.     Plaintiff, gave no one permission to examine his personal papers; no search warrant was obtained allowing Defendants to conduct such a seizure or examine such documents; amounting to a violation of the Fourth Amendment.

59.     The Defendants, in a Willful and Wanton disregard for the Plaintiff's rights, bootstrapped this invasion of Plaintiff's papers to justify their determination that he was a 'suicide risk' and to further aggravate his injuries by unjustly placing him in solitary confinement, denying him appropriate medical treatment and care, and other mistreatments.

60.     As a direct result of the Defendants Willful and Wanton violations recited here, they caused injury to the Plaintiff by extending his illegal incarceration, subjecting him

inhumane treatment, and general disregard for their responsibilities and duties toward him; all of which caused and will continue to cause injury to the Plaintiff.

61.     **WHEREFORE:** Plaintiff Christopher Coleman claims Compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and claims an additional award for Punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS, plus his costs herein expended, and attorney's fees.

## COUNT III

### 42 U.S.C. §1983: Cruel and Unusual Punishment

62.     Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

63.     The Eight Amendment to the United States Constitution provides protection to United States citizens, including those in Virginia, and the Plaintiff, Christopher Coleman from having "Cruel and unusual punishments inflicted," and imposes a duty regarding such upon the SWVRJA to avoid any such actions against Plaintiff.

64.     The SWVRJA Defendants owed this obligation to the Plaintiff and violated such obligation resulting in injuries to him. Specifically, without any authorization, or direction from any judicial or magisterial officer, the defendants Willfully and Wantonly trampled on such rights of the defendant and held him over One Hundred, Five (105) hours on a charge which, pursuant to Virginia Law, carries no possibility of incarceration; held him said One Hundred,

Five (105) hours in violation of the Magistrate's direction that he was either to be released (potentially immediately) to "a responsible person", or released "when no longer intoxicated" (which, pursuant to the Court's verdict, it was determined he was not guilty of intoxication and, thus, should have never been placed in jail or required to remain there).

65.     The SWVRJA Defendants failed in their duty pursuant to Virginia Law to conduct an appropriate Mental Health Assessment on the Plaintiff, upon his booking. Even the most rudimentary examination would have revealed a supervening mental health or physical problem which would account for any unusual (i.e. unconsciousness) factors accounting for Plaintiff's condition and (potentially emergency, life-saving) medical needs.

66.     In spite of the obvious and serious needs of the Plaintiff, SWVRJA Defendants chose to place him in what was basically a box with no furnishings, (essentially an animal cage) equipped with what would have to be termed a 'barbaric' hole in the floor for use as a toilet.

67.     Again, in spite of obvious and serious needs, the Plaintiff was stripped of his clothes and housed in what apparently was a solitary confinement cell where he was left unattended and essentially ignored for what began as hours and continued into days.

68.     Upon information and belief, the standard practice of the SWVRJA (at least at the Haysi facility) is a '23 hours a day' "Lock Down" situation in which inmates are confined to their cells, not allowed to have contact with other inmates and are denied contacts to, from, or with visitors or family. Apparently, such was the accommodations provided Plaintiff during his stay; including being denied the opportunity to contact family or anyone outside the facility. (Apparently, the SWVRJA follows a policy that inmates, situated as was the Plaintiff was at this

time, are allowed one telephone call only, and that being only at the time of their initial booking. However, as Plaintiff was unconscious during that phase of his confinement, the SWVRJA Defendants apparently deemed that the rule, "Opportunity missed, is opportunity lost" applied.

69.    Such "Lock Down" rules, and, especially the solitary confinement of inmates, including Plaintiff causes significant impacts on individuals well-being: (a) Lack of human contact and social interaction can worsen mental health problems and lead to feelings of isolation and loneliness; (b) Limited access to recreation and physical activity can have negative effects on physical and mental health; and (c) Restricted phone privileges can make it difficult for inmates to maintain contact with family and friends, which can be source of support.

70.    In addition, solitary confinement can have severe negative consequences for anyone, but especially for those who are already mentally vulnerable. Plaintiff Christopher Coleman was exposed to the following risks as a direct result of the Willful and Wanton actions by the SWFRJA Defendants: (a) worsening of his mental illness as solitary confinement can exacerbate existing mental health conditions, such as anxiety, depression, and psychosis; (b) increased risk of self-harm and suicide; as people in solitary confinement are at a higher risk of self-harm and suicide, especially if they are feeling hopeless or isolated; (c) development of new mental health problems; even people without pre-existing mental illness can develop mental health problems as a result of solitary confinement; and (d) long term effects; the negative effects of solitary confinement can last long after the person is released, resulting in continuing problems, requiring expensive and intensive medical and mental health care and potentially life-long complications.

71.     In spite of these circumstances, the SWVRJA Defendants further, Willfully and Wantonly, as well as Callously, disregarded their duties and obligations to contact his family, some of whom lived within a short distance from the Haysi facility, to advise them of his whereabouts and condition and have them retrieve him; thus, preventing his Illegal detention and thus preventing the him from being subjecting to Cruel and Unusual Punishment.

72.     Such actions by the SWVRJA Defendants resulted in incalculable, immediate and lasting, harm to the Plaintiff.

73.     **WHEREFORE:** Plaintiff Christopher Coleman claims Compensatory damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS; and claims an additional award for Punitive damages in the amount of ONE HUNDRED MILLION ($100,000,000.00) DOLLARS, plus his costs herein expended, and attorney's fees.

## COUNT IV

### 42 U.S.C §12101: Discrimination

74.     Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

75.     Plaintiff Christopher Coleman is a "qualified individual with a disability" as defined in 42 U.S.C. §12101, *et. seq.*

76.     Defendant SWVRJA is a "public entity" as defined in 42 U.S.C. §12101, *et. seq.*

77.     Defendant SWVRJA is also subject to provisions of the *Minimum Standards for Jails and Lockups* promulgated in the *Virginia Administrative Code* Title 6 Criminal Justice and Corrections, Agency 15, State Board of Local and Regional Jails, Chapter 40.

78.     Defendant SWVRJA has a duty to comply with the provisions of 42 U.S.C. §12101 (commonly known as the Americans with Disabilities Act or "ADA") as well as the provisions of the Minimum Standards set forth in the above referenced state regulations; which includes requirements concerning screening for mental health; inquires to mental health status, depression and suicidal tendencies.

79.     The Plaintiff met the definition of a "qualified individual with a disability" by federal standards pursuant to the ADA at the time of his entry into the SWVRJA facility; such coverage includes protections provided under Title II of the ADA.

80.     The Defendant SWVRJA Willfully and Wantonly denied the Plaintiff of appropriate accommodations pursuant to the ADA, both at the time of his entry to the facility, and consistently during his presence there. By such actions, the Defendant SWVRJA discriminated against the Plaintiff and should be held liable for such discrimination

81.     The Defendant SWVRJA was Grossly Negligent in its actions which denied the Plaintiff of appropriate accommodations pursuant to the ADA, both at the time of his entry to the facility, and consistently during his presence there. By such actions, the Defendant SWVRJA discriminated against the Plaintiff and should be held liable for such discrimination

82.     The Defendant SWVRJA is obliged to comply with Virginia statutes and regulations including recognition of, and proper accommodations for, persons with disabilities (including mental disability conditions). Proper compliance with these standards would have prevented many of the wrongful acts suffered by the Plaintiff during his confinement.

83.     Due to Plaintiff's disability and the crisis situation, he was experiencing during his confinement, he was unable to organize and present any significant or sustainable grievance or obtain assistance during that end, while he was incarcerated. His efforts to voice complaints and objections to his treatment were essentially ignored and disregarded by the "SWVRJA Does" who came in contact with him. No other opportunities were given him to accomplish any grievance actions, inasmuch as the SWVRJA Does prevented and preempted such efforts.

84.     Upon release, Plaintiff was no longer qualified or eligible to present a grievance relating to his confinement and related abuses and injuries.

85.     **WHEREFORE:** Plaintiff Christopher Coleman claims Compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS, plus his costs herein expended, and attorney's fees.

86.     Plaintiff further contends that the circumstances giving rise to the injuries he suffered are likely to take place again, should he be reincarcerated. Or, that such would be like to be inflicted upon another individual with a similar condition; or another individual with any disability, in the event such a person would be incarcerated in the SWVRJA – Haysi Unit, or any other SWVRJA facility.

87.    **WHEREFORE:** Plaintiff Christopher Coleman PRAYS this Honorable Court

issue an **INJUNCTION** directing the SWVRJA, its facilities, and employees be:

      a. Prohibited from violating the Americans with Disabilities Act;

      b. Required to comply with appropriate state requirements;

      c. Required to receive initial training, or retraining re: mental health issues;

      d. Present to this Court accountings of their compliance;

      e. Undergo regular audits by appropriate state agency or agencies

      f. Remain under such supervision for a time as deemed necessary by the Court.

88.    Further, Plaintiff asks that the Court award expenses he reasonably incurs in this

litigation, including attorneys' and expert fees, pursuant to 42 U.S.C. § 1988(b) and (c).

## SUMMARY OF DAMAGES AND RELIEF REQUESTED

89.    The Plaintiff, Christopher Coleman, recounts his pray for damages and relief as

follows:

      a. Count I, False Imprisonment, compensatory damages of
         $3,250,000.00, punitive damages of $32,500,000.00;

      b. Count II, Unreasonable Search, compensatory damages of
         $1,000,000.00; punitive damages of $10,000,000.00;

      c. Count III, Cruel and Unusual Punishment, compensatory damages
         of $10,000,000.00; punitive damages of $100,000,000.00;

      d. Count IV, Discrimination (ADA), compensatory damages of
         $1,000,000.00, punitive damages – not allowed; and Injunctive
         Relief.

Total Compensatory Damages:  $15,250,000.00

Total Punitive Damages:       $142,500,000.00

Court Costs: Undetermined, Litigation Expenses: Undetermined, Expert fees, pursuant to 42 U.S.C. § 1988(b) and (c): Undetermined and Attorney Fees: Undetermined

**A JURY TRIAL IS DEMANDED.**

Respectfully Submitted,

CHRISTOPHER COLEMAN

By: _____
                    Counsel

James E. Slone (VSB No. 29787)
James E. Slone, P.C.
Post Office Box 1113
Grundy, VA 24614
Phone: (276) 597-7455
Facsimile: (276) 277-2002
jim@jamesslone.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Abingdon Division**

_____
                                                    )
**CHRISTOPHER COLEMAN,**                             )
                          **Plaintiff**              )
                                                    )
**v.**                                              )          **Case No. _____**
                                                    )
**STEPHEN CLEAR,**                                   )
    **In His Official Capacity, etc., ET ALS,**      )
                          **Defendants**             )
_____)


**EXHIBIT LIST**
**ATTACHMENT TO COMPLAINT**

**Exhibit**
**No.**          **Description**                                                          **Pages**

1.    Criminal Complaint dated 7/29/2021 (VA form DC-311) .........................................1

2.    Warrant of Arrest dated 7/29/2021
         (VA form DC- 314, page 1 of 2) ............................................................................1

3.    Warrant of Arrest (trial results) dated 8/19/2021
         (VA form DC-314, page 2 of 2)...............................................................................1

4.    Commitment Order dated 7/29/2021 (VA form DC-352, page 1 of 2) &
         (VA form DC-352, page 2 of 2) Collective ...........................................................2

5.    Recognizance dated 8/2/2021 (VA form DC-330, page 1 of 2) &
         (VA form DC-330, page 2 of 2) Collective ...........................................................2


6.    Release Order dated 8/2//2021 (VA form DC-353) ..................................................1


7.    Notice of Claim per Virginia Code § 18.1-195.6......................................................3

**EXHIBIT**
**1**

# CRIMINAL COMPLAINT

Commonwealth of Virginia

BUCHANAN
CITY OR COUNTY

☑ General District Court
☐ Juvenile and Domestic Relations District Court

RULES 3A:3 AND 7C:3

Under penalty of perjury, I, the undersigned Complainant swear or affirm that I have reason to believe that the Accused committed a criminal offense, on or about

07-29-2021                    in the ☐ City ☑ County ☐ Town
DATE OFFENSE OCCURRED

of    BUCHANAN

I base my belief on the following facts: (Print ALL information clearly.)

On 7-29-2021 while on patrol in the Big A Mtn. area of Buchanan County Va. I observed a male laying on the shoulder of the roadway. I approached the male woke him and identified him as Christopher Coleman. I asked Coleman to get up and have a seat on the guardrail. He was extremely unsteady on his feet, with glassy eyes, and slurred speech. I placed Coleman under arrest for intoxicated in public.

The statements above are true and accurate to the best of my knowledge and belief.

In making this complaint, I have read and fully understand the following:

- By swearing to these facts, I agree to appear in court and testify if a warrant or summons is issued.
- The charge in this warrant cannot be dismissed except by the court, even at my request.

_____
SIGNATURE OF COMPLAINANT
x

LT. DAVIS JASON R. 025
NAME OF COMPLAINANT (LAST, FIRST, MIDDLE)
(PRINT CLEARLY)

Subscribed and sworn to before me this day.

07/29/2021 10:14 AM                    ☐ MAGISTRATE ☐ JUDGE

Evan Baker

FORM DC-311 REVISED 07/11

---

# CRIMINAL COMPLAINT

ACCUSED: Name, Description, Address/Location

Coleman Christopher Jordan
LAST NAME, FIRST NAME, MIDDLE NAME

501 Allison Gap Rd. Apt. 2

Saltville Va, 24370

| | COMPLETE DATA BELOW IF KNOWN | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| RACE | SEX | BORN | | | HT. | | WGT. | EYES | HAIR |
| | | MO. | DAY | YR. | FT. | IN. | | |
| W | M | 12 | 18 | 88 | 5 | 8 | 205 | GR | BR |

SSN          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

☐ Complainant is not a law-enforcement officer or animal control officer. Authorization prior to issuance of felony arrest warrant given by

☐ Commonwealth's attorney
☐ Law-enforcement agency having jurisdiction over alleged offence

_____
NAME OF PERSON AUTHORIZING ISSUANCE OF WARRANT

_____
DATE AND TIME AUTHORIZATION GIVEN

| EXHIBIT |
|:---:|
| 2 |

**M**

8/19/21
Hearing Date/Time

**STATE**

## WARRANT OF ARREST—MISDEMEANOR (STATE)
COMMONWEALTH OF VIRGINIA    Va. Code § 19.2-71, -72

Buchanan ........................  [X] General District Court  [X] Criminal  [ ] Traffic
CITY OR COUNTY .......................... [ ] Juvenile and Domestic Relations District Court

TO ANY AUTHORIZED OFFICER:
You are hereby commanded in the name of the Commonwealth of Virginia forthwith to arrest
and bring the Accused before this Court to answer the charge that the Accused, within this city or
county, on or about **07/29/2021** _____ did unlawfully in violation of Section
                          DATE

**18.2-388** _____, Code of Virginia:
appear in public in an intoxicated condition.

I, the undersigned, have found probable cause to believe that the Accused committed the offense
charged, based on the sworn statements of

**Lt. Davis, J.    Buchanan. Co. Sheriff** _____, Complainant.

Execution by summons [ ] permitted at officer's discretion.  [X] not permitted.

07/29/2021 01:27 AM          Evan Baker
DATE AND TIME ISSUED     [ ] CLERK  [X] MAGISTRATE  [ ] JUDGE
                         Evan Baker

---

CASE NO. **GC21002486-00**

ACCUSED:
**Coleman, Christopher**
LAST NAME, FIRST NAME, MIDDLE NAME
501 Allison Gap Rd. Apt. 2
ADDRESS/LOCATION
Saltville, VA 24370

To be completed upon service as Summons
Mailing address [ ] Same as above
[ ]

| RACE | SEX | BORN | | | HT. | WGT. | EYES | HAIR |
|------|-----|------|------|------|------|------|------|------|
| W | M | MO. 12/18/1988 DAY YR. | | | FT. 5 IN. 8 | 205 | Grn | Bro |

SSN    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

DL#    STATE

[ ] Commercial Driver's License
[ ] Commercial Motor Vehicle  [ ] Hazardous Materials

**CLASS 4 MISDEMEANOR**

[X] EXECUTED by arresting the Accused named above on
this day:

[ ] EXECUTED by summoning the Accused named
above on this day:

[ ] For legal entities other than individuals, service
pursuant to Va. Code § 19.2-76.

7-29-2021  0127hrs
DATE AND TIME OF SERVICE

CH Davis CW
ARRESTING OFFICER

025 BCSA CW
BADGE NO.   AGENCY AND JURISDICTION

for _____ N. McClanahan
                    SHERIFF

Attorney for the Accused:

Short Offense Description (not a legal definition):
**INTOXICATION IN PUBLIC**
Offense Tracking Number:
**027GM2100002787**

FOR ADMINISTRATIVE USE ONLY
Virginia Crime Code:

**OBS-3712-M4**

FORM DC-314 (MASTER, PAGE ONE OF TWO) 07/21

EXHIBIT
3

Offense Tracking Number: 027GM2100002787

**FINE**

            LOCALITY        $

**COSTS**

461 FIXED MISD FEE
462 FIXED DRUG MISD FEE
001 INT CRIM CHILD FEE
113 WITNESS FEE
113 IGNITION INTERLOCK
113 DUI FEE
113
120 CT. APPT. ATTY
121 TRIAL IN ABSENCE FEE
125 WEIGHING FEE
133 BLOOD TEST FEE
137 TIME TO PAY
192 TRAUMA CENTER FEE
228 COURTHOUSE
     CONSTRUCTION FEE
234 JAIL ADMISSION FEE
243 LOCAL TRAINING
     ACADEMY FEE
244 COURTHOUSE
     SECURITY FEE

OTHER (SPECIFY)

**TOTAL**    $

[ ] Stay of the proceedings pursuant to § 16.1-131.1

DATE        JUDGE

---

[ ] Guilty – upon a violation of a term or condition of a deferred
    adjudication/disposition.

I impose the following Disposition:
[ ] FINE [ ] CIVIL PENALTY of $ ....................
    with $ .................... suspended

[ ] JAIL SENTENCE of .................... days
    imposed, [ ] of which .................... suspended
    mandatory minimum, with .................... , conditioned
    for a period of ....................
    upon being of good behavior, keeping the peace, obeying this
    order and paying fines and costs.
    Credit is allowed pursuant to § 53.1-187 for time spent in
    confinement.
[ ] Serve jail sentence beginning ....................
    [ ] on weekends only
[ ] Work release [ ] authorized if eligible [ ] required
    [ ] not authorized
[ ] Public work force [ ] authorized [ ] not authorized
[ ] on PROBATION for ....................
    [ ] VASAP [ ] local community-based probation agency
    [ ] Monitoring by GPS/other tracking device
[ ] DRIVER'S LICENSE suspended for ....................
[ ] Restricted Driver's License per attached order
    [ ] Ignition Interlock for ....................
[ ] RESTITUTION order incorporated
    [ ] Restitution payment is a condition of suspended sentence
[ ] COMMUNITY SERVICE .................... hours to be completed by
    .................... and supervised by ....................
    [ ] to be credited against fines and costs
[ ] Contact prohibited between defendant and victim/
    victim's family or household members
[ ] Reimburse Commonwealth for investigatory medical fees
[ ] Pay $50 fee to the Court for Trauma Center Fund
[ ] § 19.2-298.02(D) – dismissal expungement eligible by parties'
    agreement.
[ ] Other: ....................

[ ] Submit to FINGERPRINTING and photograph per attached
    order
[ ] Remanded for [ ] FINGERPRINTING/CCRE Report
    [ ]
[ ] DNA order incorporated
[ ] Bail on Appeal $ ....................

8/19/21
DATE        JUDGE

---

The Accused was this day:
[ ] tried in absence  [✗] present

[ ] PROSECUTING ATTORNEY PRESENT (NAME)

[ ] DEFENDANT'S ATTORNEY PRESENT (NAME)
    [ ] NO ATTORNEY [ ] ATTORNEY WAIVED
    [ ] If convicted, no jail sentence will be imposed.
[ ] INTERPRETER PRESENT
[ ] Certified pursuant to §19.2-190.1.
Plea of Accused:
[✗] not guilty  [ ] Witnesses sworn
[ ] nolo contendere
[ ] guilty [ ] Plea voluntarily and intelligently entered after the
    defendant was apprised of his right against compulsory
    self-incrimination and his right to confront the witnesses
    against him.
[ ] Plea and Recommendation
[ ] Deferred § 19.2-298.02, and order attached and incorporated.
Deferred to ....................
    DATE AND TIME                        

And was TRIED and FOUND by me:
[ ] not guilty  [ ] guilty as charged
[ ] guilty of ....................
[ ] VCC. ....................
[ ] facts sufficient to find guilt but defer adjudication/disposition
    to ....................
    DATE AND TIME
[ ] and place accused on probation, §§ 4.1-305, 4.1-1120, 18.2-
    57.3, 18.2-251, 19.2-303.2, or 19.2-303.6.
[ ] First Offender order attached and incorporated.
[ ] Deferred § 19.2-298.02, and order attached and incorporated.
    Deferred to ....................
    DATE AND TIME
[ ] Costs imposed upon defendant.

DATE            JUDGE

And was FOUND by me to be:
[ ] driving a commercial motor vehicle
[ ] carrying hazardous materials
[ ] I ORDER a nolle prosequi on prosecution's motion
[✗] I ORDER the charge dismissed [ ] with prejudice
    conditioned upon payment of costs and
    [ ] successful completion of [ ] traffic school
    [ ] mature driver school, § 16.1-69.48:1.
    [ ] accord and satisfaction, § 19.2-151.
    [ ] under §§ 4.1-305, 4.1-1120, 18.2-57.3, 18.2-251, 19.2-
    303.2 or 19.2-303.6.

FORM DC-314 (MASTER, PAGE TWO OF TWO) 07/21

EXHIBIT
4
Page 1 of 2

# COMMITMENT ORDER

Commonwealth of Virginia

ACCUSED: Coleman, Christopher

NAME (LAST, FIRST, MIDDLE)

ADDRESS: 501 Allison Gap Rd. Apt. 2
Saltville, VA 24370

SSN: 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    DOB: 12/18/1988

Jurisdiction: Buchanan

[ ] General District Court (Traffic)
[X] General District Court (Criminal)
[ ] General District Court (Civil)
[ ] Juvenile & Domestic Relations District Court
[ ] Circuit Court

SEX:             STATUS:             CHARGED UNDER:

[X] Male  [ ] Female    [X] Adult  [ ] Juvenile    [X] State  [ ] Local Ordinance

## CHARGE(S):

| Offense Tracking Number | Offense Date | Virginia Crime Code (For Administrative Use Only) | Code Section | Case Number |
|---|---|---|---|---|
| 027GM2100002787 | 07-29-21 | OBS-3712-M4 INTOXICATION IN PUBLIC | 18.2-388 | |

[ ] Addendum listing additional charges is attached and incorporated.

BAIL: $ ..................................    [ ] Secured  [ ] Unsecured  [X] Recognizance

[ ] Held without bail  [ ] No additional bail required

[X] Release by Judicial Officer to custody of responsible person or when accused is no longer intoxicated

Accused [X] may  [ ] may not depart the Commonwealth of Virginia.  [X] Other conditions of bail on page two.

If **NOT released** on bail,
Court appearance location, date and time:
[x] GENERAL DISTRICT  [ ] J&DR  [ ] CIRCUIT
Buchanan
Aug 19, 2021  09:00 AM

If **released** on bail,
Hearing date and time:

Aug 19, 2021  09:00 AM

[ ] Since accused is unable or unwilling to participate in a bail hearing, I order accused to be returned to Judicial Officer for bail determination.

[ ] Currently serving sentence

[ ] Charges pending in ........................................................................................................ Court

Place held in custody (if other than facility serving this jurisdiction): ....................................................
NAME OF FACILITY

TO THE SHERIFF, JAIL OFFICER OR CORRECTIONAL OFFICER: You are ordered to take custody of and convey the accused to the Court, unless otherwise released.

07/29/2021 01:28 AM
DATE AND TIME

*Evan Baker*

[X] MAGISTRATE  [ ] CLERK  [ ] JUDGE  Evan Baker

Received: 7-29-21 / 1:31 AM
DATE AND TIME

By: _____

FORM DC-352 (MASTER, PAGE ONE OF TWO) 05/09    PAGE 1 of 2    CBR 027GM2100002788

EXHIBIT
4
Page 2 of 2

Case No(s). ............................................................................

Offense Tracking Number(s): 027GM2100002787

Additional Conditions of Bail:

The Accused must

[ ]    Submit to Drug/Alcohol Screening

[ ]    Submit to Drug/Alcohol Testing

[ ]    Comply with a Curfew of .......................................................................................................................................

[ ]    Avoid All Contact with..............................................................................................................................................

[ ]    Refrain from Possessing Firearm, Destructive Device, Dangerous Weapon

[ ]    Refrain from Excessive Use of Alcohol

[ ]    Refrain from Use of Illegal Drugs/Controlled Substances not Prescribed by a Health Care Provider

[ ]    Maintain or Seek Employment

[ ]    Maintain or Commence Education

[ ]    The Accused is assigned to home-electronic incarceration

[ ]    The Accused is to be monitored by a GPS/other tracking device

[ ]    The Accused is to accompany the arresting officer to the jurisdiction's fingerprinting facility and submit to having his photograph and fingerprints taken prior to release.

[X]    Other:   This is a prepayable offense. You may contact the Clerk's office or visit
                      http://www.courts.state.va.us/caseinfo/tickets.html for more information

**CBR  027GM2100002788**



**EXHIBIT 5**
**Page 1 of 2**

**B**

# RECOGNIZANCE

Va. Code §§ 9.1-185, 9.1-185.8, 19.2-123, 19.2-143, 19.2-258

Aug 19, 2021       09:00 AM
HEARING DATE AND TIME

Buchanan  GEN DIST - CRIMINAL                    Main & Walnut Streets, Grundy, VA  24616
COURT – CITY OR COUNTY                                      COURT – STREET ADDRESS

[x]  Commonwealth of Virginia       v.  Coleman, Christopher
                                                                      DEFENDANT – NAME (LAST, FIRST, MIDDLE)

[ ]  ................................................................................

231 Splash Dam Rd., Haysi, VA 24256      (276) 780 - 8401
                     DEFENDANT – RESIDENTIAL ADDRESS AND TELEPHONE NUMBER

Mailing address:  [x] Same as above  OR  [ ]  .....................................................................
I certify that this document contains my current mailing address.

**CHARGES(s):**

| Offense Tracking Number | Virginia Crime Code (For Administrative Use Only) | Code Section | Case Number |
|---|---|---|---|
| 027GM2100002787 | OBS-3712-M4 | 18.2-388 | 027GC2100248600 |
| | Description: INTOXICATION IN PUBLIC | | |
| | Description: | | |
| | Description: | | |
| | Description: | | |
| | Description: | | |

[ ]  Addendum listing additional charges is attached and incorporated.

**I, THE DEFENDANT,** as a condition of my release from custody, by signing this form, promise to appear in court on the date and time noted above.  If this date, time or place is changed for any reason by any court or judge, I also promise to appear as so directed.  I understand that I [ X ] may [ ] may not leave the Commonwealth of Virginia until my case, and any appeals in my case, are finished.  I further agree to keep the peace and be of good behavior and agree to the conditions listed below.
  This is a prepayable offense. You may contact the Clerk's office or visit http://www.courts.state.va.us/caseinfo/tickets.html for more infor

**Notice to the Defendant:**  You must accompany the arresting officer to the jurisdiction's fingerprinting facility to have your photograph and fingerprints taken prior to your release, if the arresting officer requires you to do so.

**I, THE DEFENDANT, UNDERSTAND THAT:**  (1) If I fail to obey the conditions, I may be ARRESTED and, bail may be revoked;
(2) if I fail to appear, the court may try and convict me in my absence; (3) if I fail to appear in the Circuit Court on a misdemeanor charge, I give up my right to a jury trial; (4) failure to appear is a separate crime; (5) **I must promptly notify the court of any change in my mailing address or where I live while this case is pending.**

_Chris Coleman_
SIGNATURE OF DEFENDANT

08/02/2021
DATE

FORM DC-330 (MASTER, PAGE ___1___ OF ___2___) 07/19

CBR  027GM2100002836

[x] Commonwealth of Virginia    v.    Coleman, Christopher

DEFENDANT – NAME (LAST, FIRST, MIDDLE)

[ ] ..........................................................................

**BOND AS CONDITION OF RECOGNIZANCE:** By signing this bond, the defendant and each person signing as surety agree that they and their heirs and assigns owe the sum of $ ................................ to the county or city in which the case is prosecuted. This debt is: [ ] UNSECURED [ ] SECURED BY [ ] Cash [ ] Surety Bail Bondsman [ ] Property Bail Bondsman [ ] Other Solvent Surety(ies) whose ability to pay this debt is measured by the value of real or personal property which they own and who further swear or affirm that the value of such property (after subtracting debts that are liens against the property such as mortgages, unpaid judgments, and unpaid tax liens) equals or exceeds the amount of this bond. Each person who signs this bond agrees to the bond terms and any attached applicable terms are incorporated by reference.

The defendant and each person who signs the bond as a surety give up any homestead exemption as to the debt of this bond and understand that the court may force the sale of ANY property owned by the defendant or any surety to pay the debt if the defendant fails to obey all of the terms and conditions of the recognizance. Each person who signs this bond promises to keep the title and possession of all property used to measure the ability to pay the debt of this bond in his or her name and not use such property as collateral for any loan or debt to allow liens against such property which would prevent the payment of the debt of the bond. The terms and conditions of the recognizance are incorporated by reference, and each person who signs the form agrees to obey all of the terms and conditions on both sides of this form. If the defendant obeys all of the conditions listed in the recognizance, the debt of this bond is void. If the defendant fails to obey the condition of appearance of the recognizance, the people who signed the bond may be required to pay the amount of the bond.

_____ (SEAL)
DEFENDANT

**BAIL BONDSMAN INFORMATION**

.................................................. _____ (SEAL)
NAME OF BAIL BONDSMAN                         SIGNATURE OF BAIL BONDSMAN

.................................................. ..................................................
BAIL BONDSMAN DCJS LICENSE NO.               NAME OF INSURANCE COMPANY

.................................................. ..................................................
NAME OF BONDING COMPANY                      NAME OF REGISTERED AGENT

.................................................. ..................................................
ADDRESS OF BAIL BONDSMAN/BONDING COMPANY     ADDRESS OF REGISTERED AGENT

.................................................. ..................................................
TELEPHONE NO. OF BAIL BONDSMAN/BONDING COMPANY   TELEPHONE NO. OF REGISTERED AGENT

**OTHER SURETY(IES) INFORMATION**

.................................................. _____ (SEAL)
NAME OF SURETY                               SIGNATURE OF SURETY

.................................................. ..................................................
ADDRESS                                      TELEPHONE NO.

.................................................. _____ (SEAL)
NAME OF SURETY                               SIGNATURE OF SURETY

.................................................. ..................................................
ADDRESS                                      TELEPHONE NO.

([ ] check if applicable) The defendant is released into the custody of the person/organization named below upon completion of this part: By signing this part, the custodian named below agrees to take custody of the defendant and see that the defendant obeys the conditions listed above. If the defendant disappears or does not obey every condition, the custodian promises to notify the court at once.

.................................................. ..................................................
CUSTODIAN – NAME AND ADDRESS                 SIGNATURE OF CUSTODIAN

**RIGHT TO APPEAL:**
You have the right to appeal the amount of this bond. You also have the right to appeal any condition of release. If you want to appeal, contact a lawyer or the court listed on the other side of this form.

| | |
|---|---|
| ADMITTANCE TO BAIL: After I explained the conditions and warnings contained in this document, the defendant and each person signing as surety swore or affirmed to fulfill the recognizance and, if any, the bond. I order the defendant released on the conditions listed in this document. | _____<br>[ ] CLERK  [x] MAGISTRATE  [ ] JUDGE    Albert W. Hagy<br><br>JURISDICTION (IF DIFFERENT FROM COURT)<br><br>08/02/2021 11:02 AM<br>DATE AND TIME |

FORM DC-330 (MASTER, PAGE __2__ OF __2__ ) 10/13        CBR 027GM2100002836

**EXHIBIT 6**

# RELEASE ORDER

**R**

ACCUSED: Coleman, Christopher
_____
NAME (LAST, FIRST, MIDDLE)

ADDRESS: 231 Splash Dam Rd.

Haysi, VA 24256

SSN: 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      DOB: 12/18/1988

Jurisdiction: Buchanan

[  ] GENERAL DISTRICT (TRAFFIC)
[x] GENERAL DISTRICT (CRIMINAL)
[  ] GENERAL DISTRICT (CIVIL)
[  ] J&DR DISTRICT COURT
[  ] CIRCUIT COURT

**CHARGE(S):**

| Offense Tracking Number | Virginia Crime Code (For Administrative Use Only) | Code Section | Case Number |
|---|---|---|---|
| 027GM2100002787 | OBS-3712-M4 INTOXICATION IN PUBLIC | 18.2-388 | 027GC2100248600 |

[  ] Addendum listing additional charges is attached and incorporated.

TO THE SHERIFF, JAIL OFFICER OR CORRECTIONAL OFFICER:
    You are ordered to RELEASE the accused on the above charge(s).

08/02/2021 11:03 AM
_____
DATE AND TIME

_____
[X] MAGISTRATE   [ ] CLERK   [ ] JUDGE

Albert W. Hagy

Released  8-2-21  11:04  AM/PM   By _____
         DATE AND TIME

**RELEASE ORDER**

FORM DC-353 REVISED 6/06        PAGE  1  of  1        CBR  027GM2100002837

EXHIBIT
7
Page 1 of 3

# James E. Slone, P.C.

### Attorney and Counselor at Law
Post Office Box 1113
Grundy, Virginia 24614
Phone 276 597-7455

July 20, 2022

Mr. Stephen Clear, Superintendent
Southwest Virginia Regional Jail Authority
P.O. Box 279
Meadowview, VA 24361

Mr. Johnny Billiter, Administrator
SWVRJA – Haysi Facility
P.O. Box 535
Haysi, VA 24256

     Re:    Notice of Claim pursuant to §8.01-195.6, Code of Virginia 1950
             Claimant: Christopher Coleman, dob _____ ssn _____

Gentlemen:

    Please take notice, in accord with the above referenced section; Article 18.1 of Title 8.01 of the state Code, as well as related laws, that the undersigned is providing you this formal Notice of claim on behalf of Mr. Christopher Coleman in relation to the circumstances and events described below.

    **Initial Event:**
On July 29, 2021, Mr. Coleman was arrested by a Buchanan County Deputy, in Buchanan County and charged with a violation of §18.2-388 (a class 4 misdemeanor). He was, later that day, brought to the SWVRJA-Haysi Unit and placed in custody.

    He remained in custody at the SWVRJA-Haysi facility until August 3, 2021, when he was released.

    He appeared in Buchanan County General District Court on August 19, 2021, and was found not guilty of the charge.

    **Additional circumstances:**
Mr. Coleman suffers various medical problems which on July 29 were compounded by a variety of aggravating circumstances. He has explained that at the time of his apprehension and subsequent confinement in your facility, he was experiencing a number of medical issues which were not the result of any criminal or activity violating the peace, but did present the need for

Case 1:23-cv-00022-JPJ-PMS    Docum[...]    /24    Page 35 of 36
Page[...]

EXHIBIT
7
Page 2 of 3

Page 2                                                                                          July 20, 2022
Southwest Virginia Regional Jail Authority
Our Client: Christopher Coleman

medical attention. Due to these circumstances, he was inhibited in his ability to attend to his own care and continued to suffer these, and additional medical problems during his confinement.

**Claim Background Information:**
Mr. Coleman was not provided appropriate, sufficient, or necessary medical attention during his confinement. He recalls having medications on his person, but these were taken from him at the time of his commitment to the facility.

Mr. Coleman was further in need of significant medical treatment, mental health attention and emotional wellbeing help during his confinement, but did not receive such.

Mr. Coleman was confined to the SWVRJA-Haysi unit from July 29 to August 3, a period of five (5) days on a charge which, had he been convicted, would have carried <u>no jail time</u>. Further, the Court, on trial of the charge, found him not guilty.

During his confinement, his family was not aware of his whereabouts and, to the best of his information and belief, there was no notice provided to his relatives of his whereabouts.

Mr. Coleman was never provided any explanation of why he was kept in confinement in the facility for those several days.

**Injuries Asserted:**
Due to the medical issues he suffered, he was the victim of gross negligence by the facility officers and medical staff. Though being held on a charge (for which he was ultimately found not guilty) he was subjected to punishment of a cruel and unusual nature due to the lack of timely, appropriate, and adequate care.

A cursory observation of Mr. Coleman's person, behavior and symptoms should have indicated to even officers who were not trained in medical and mental health practices, that he was not intoxicated or under the influence of drugs, alcohol, etc., but was in need of medical treatment.

Even assuming that these observations were not made, there was no justification for holding him for five days – a period astronomically longer than the typical few hours normal for an intoxicated person to regain sobriety.

By keeping Mr. Coleman for the time he was held, he was unjustly, illegally, and unconstitutionally imprisoned.

By maintaining him in custody for this time, while he was suffering significant medical, mental health, and emotional issues, amounts to cruel and unusual punishment, abduction, and false imprisonment.

**Actors Responsible for Injuries:**
As described above, Mr. Coleman was suffering with various medical issues during his confinement. From the time of his arrest, he was only exposed to officers, agents, and employees

EXHIBIT
7
Page 3 of 3

July 20, 2022
Southwest Virginia Regional Jail Authority
Our Client: Christopher Coleman

of the Commonwealth, law enforcement and personal employed by, and working under the
supervisions of, the Southwest Virginia Regional Jail Authority, and more specifically, the Haysi
Unit. Mr. Coleman is not privy to, and has not been provided, the scheduled, duty rosters, and
work records of those specific individuals who were responsible for the injuries he enumerates.
However, each and every person responsible for his care, lack of medical attentions and unjust
illegal imprisonment, including maintaining him in custody for an unconstitutionally and
unjustly long period, were officers, employees, agents of and working under the color of law as
professional corrections staff of the Southwest Virginia Regional Jail – Haysi Unit.

        Mr. Coleman maintains that these actions, omissions, resulted in injuries to him,
unconstitutional treatment within the embrace of the constitutions of the Commonwealth and
United States and violative of his civil rights under the constitutions and laws of the United
States and Commonwealth.

        On behalf of my client and myself, I would appreciate your careful and serious
consideration of this matter.

Kind regards,


James E. Slone
Attorney at Law