CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
November 12, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
              DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER COLEMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23CV00022 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **STEPHEN CLEAR,** *in his Official Capacity as Superintendent of the Southwest Virginia Regional Jail Authority, et al.*, | ) ) ) ) ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*James E. Slone,* JAMES E. SLONE, P.C., *Grundy, Virginia, for Plaintiff; Brian J. Brydges,* JOHNSON, AYERS & MATTHEWS, P.L.C., *Roanoke, Virginia, for Defendants Stephen Clear and the Southwest Virginia Regional Jail Authority.*

In this civil action asserting claims against a regional jail authority, its superintendent, and unknown "Does," the court granted the defendant's Motion to Dismiss, but allowed the plaintiff to replead. *Coleman v. Clear*, No. 1:23CV00022, 2024 WL 1530831 (W.D. Va. Apr. 9, 2024). The plaintiff timely filed an Amended Complaint, and the defendants have now filed a Motion to Dismiss the Amended Complaint. Fed. R. Civ. P. 12(b)(1), (6). After careful consideration of the briefing and oral argument, I will grant the motion in part and deny it in part.

I.  BACKGROUND.

The plaintiff alleges that after he had been charged with being intoxicated in public, a misdemeanor under Virginia law, a magistrate ordered that he be held in

custody until released "to [the] custody of [a] responsible person or when accused is no longer intoxicated." Am. Compl. Ex. 4, Commitment Order, ECF No. 16. Instead of compliance with the order, he was kept in a jail operated by the defendant Southwest Virginia Regional Jail Authority (SWVRJA) for over four days, and he claims that during that time he was subjected to abusive conditions and mental distress by unnamed guards. He also claims that during his confinement his notebook was seized and read by one of the unnamed guards, resulting in his being placed on suicide watch. On the morning of his fifth day in custody he was released by order of a magistrate. The charge against him was tried several weeks later and dismissed by the judge.

There were only two counts in the initial Complaint. The first, Count I, asserted a claim under § 1983 for the false imprisonment, illegal search and seizure of his notebook, and cruel and unusual punishment. A pendant claim under Virginia law for false imprisonment was alleged in Count Two.

After consideration of the initial Motion to Dismiss, I found that the Complaint failed to contain sufficient factual allegations in Count I against defendant Clear, the Superintendent of the SWVRJA, or the SWVRJA itself, even accepting for purposes of the motion that the plaintiff's allegations were true. I also dismissed the state law claim based on the applicable state statute of limitations and granted the plaintiff leave to amend the remaining Count I.

The facts set forth in the Amended Complaint are substantially as alleged in the initial Complaint. No new defendants are added, and the state law count is absent. Count I of the initial Complaint under § 1983 is realleged in separate Counts I, II, and III. A new claim under the Americans with Disabilities Act (ADA) is added as Count IV, asserting that the SWVRJA failed to accommodate the plaintiff's mental health disability while he was imprisoned.[1]

## II. SECTION 1983 CLAIMS.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not meet the pleading standard. *Id.*

I agree with the defendants that the Amended Complaint does not contain sufficient facts to impose direct or supervisory liability against Superintendent Clear under § 1983, nor does it sufficiently allege a claim of municipal liability against the

---

[1] While the Amended Complaint continues to assert that defendant Clear is sued in his official capacity, I find that as before, 2024 WL1530831, at n.*, that Clear is actually sued in his individual capacity.

SWVRJA. No unconstitutional policy or practice is attributed to Clear or SWVRJA which led to his claimed unlawful confinement, illegal search and seizure of his notebook, and abuse and deprivation by the unnamed guards. No factual allegations are made which would show that defendant Clear directed, was indifferent to, or ratified such conduct.

In his initial Complaint, the plaintiff mentioned a SWVRJA policy only once. He alleged that after he had been told that he was being kept on suicide watch, he was required by guards to be clothed only in a "blue polyester vest or 'suicide blanket' which was all he had to keep himself warm." Compl. ¶ 26, ECF No. 1. It was alleged that this was done "[a]pparently acting according to policies or custom or their *ad hoc* decision." *Id.* I found that this allegation was insufficient to support a claim against the named defendants. 2024 WL 1530831, at *3. This allegation is repeated in the Amended Complaint, without additional facts. Am. Compl. ¶ 30, ECF No. 16.

The Amended Complaint contains a reference to an alleged "standard practice" of the SWVRJA in new allegations concerning Count III, asserting cruel and unusual punishment in violation of the Eighth Amendment. Am. Compl. ¶ 68, ECF No. 16. It is claimed that while the plaintiff was being held, there was a "lock down" and by this practice, inmates, including the plaintiff, were confined to their cells, without an opportunity to see visitors or contact persons on the outside. *Id.*

Even assuming that this alleged practice prevented the plaintiff from contacting his family, which he surmises may have resulted in his earlier release, I do not find it a violation of the Constitution as it pertains to the plaintiff.[2] To prevail, a pretrial detainee must show that a custody restriction was either: "(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 251 (4th Cir. 2005) (internal quotation marks and citation omitted). Periodic lookdowns are common in jails and prisons, usually for security reasons unrelated to a single inmate. *See Norwood v. Jividen*, No. 2:20-CV-00350, 2023 WL 2624176, at *11 (S.D.W. Va. Feb. 28, 2023) (holding that three-day lockdown did not infringe on a protected liberty interest), *R. & R. adopted*, 2023 WL 2624169 (S.D.W. Va. Mar. 23, 2023). No factual allegation in the Complaint supports an illegitimate motive or purpose in the lockdown.[3]

---

[2] Because the plaintiff was a pretrial detainee, the source of any constitutional violation would be the Fourteenth Amendment, rather than the Eighth Amendment. *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021).

[3] The defendants also seek to dismiss Count III on the ground that the words "cruel and unusual punishment" did not appear in the initial Complaint and thus Count III of the Amended Complaint is untimely pursuant to § 1983's two-year statute of limitations. However, it is clear that the application of Federal Rule of Civil Procedure 15(c)(1)(B) saves Count III since "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."

III.  ADA STATUTE OF LIMITATIONS.

In Count IV, the plaintiff alleges that he was a qualified individual with a disability under the ADA because of his existing mental health issues and that the SWVRJA failed to accommodate this disability.  Am. Compl. ¶¶ 79–84, ECF No. 16.  SWVRJA contends that this claim is barred by the applicable statute of limitations and must be dismissed.

Because the burden of establishing an affirmative defense such as the statute of limitation is placed on the defendant, the granting of a motion to dismiss on that ground is "relatively rare" and can only be considered where all facts necessary to the defense "clearly appear[] *on the face of the complaint*."  *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (citations omitted).

According to the Amended Complaint, the plaintiff was confined by the SWVRJA from July 29 to August 2, 2021.  The defendant contends that at the latest, any period of limitations would accrue on the latter date.  It asserts that the one-year period of limitations contained in the Virginia Disabilities Act applies to ADA claims in Virginia, and thus this action, filed July 31, 2023, is untimely as to this claim.

I find that the issue is more complicated than presented.  As I stated in *Latson v. Clarke*, 346 F. Supp. 3d 831, 857–58 (W.D. Va. 2018), *aff'd*, 794 F. App'x 266 (4th Cir. 2019) (unpublished),

> [b]ecause Title II of the ADA does not contain a statute of limitations, courts must either apply the federal four-year catch-all limitations period or the state statute of limitations for the most analogous state-law claim. *A Soc'y Without a Name, for People Without a Home, Millennium Future-Present v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011). The four-year federal catch-all period applies only to claims arising under statutes enacted after December 1, 1990, and the ADA was enacted a few months before that, on July 26, 1990. *Id.* Therefore, as a general rule, "the one-year limitations period in the Virginia [Rights of Persons with] Disabilities Act applies to ADA claims brought in Virginia." *Id.* at 348. The ADA was amended, however, in 2008. ADA Amendments Act of 2008, Pub. L. No. 110–325, 122 Stat. 3553 (codified at 42 U.S.C. § 12102). If Latson's claims were made possible by the ADA Amendments Act rather than the pre-amendment ADA, then he can invoke the four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, (2004); *Mercado v. Puerto Rico*, 814 F.3d 581, 589 (1st Cir. 2016).

Because it is not clear from the Amended Complaint whether the plaintiff's ADA claim arose under the ADA Amendment Act, I find that at this juncture I am unable to determine this affirmative defense as to Count IV.

IV. ADA Pleading Sufficiency.

The SWVRJA contends that the plaintiff has not adequately pleaded a violation of the ADA in Count IV because he does not state specifically what benefits he was to receive as a proper accommodation under the ADA. However, I find that it can be reasonably inferred from the statement of facts in the Amended Complaint that a cessation of the alleged abusive treatment by the SWVRJA's staff, aggravating his alleged long-standing mental health issues, was the necessary accommodation.

-7-

V.  INJUNCTIVE RELIEF.

The defendants object pursuant to Rule 12(b)(1) to the stated injunctive relief sought by the plaintiff on the ground that because he is no longer in custody such relief is moot and thus the court lacks subject-matter jurisdiction.  *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009).  I agree and will dismiss the request for such relief.

VI.  CONCLUSION.

For the foregoing reasons, the defendants' Motion to Dismiss, ECF No. 17, is GRANTED in part and DENIED in part.  All claims against defendant Clear are dismissed.  All claims against defendant SWVRJA contained in Counts I, II, and III are dismissed.  The Motion to Dismiss is denied as to Count IV.  The request for injunctive relief is dismissed.

It is so **ORDERED**.

ENTER:  November 12, 2024

/s/  JAMES P. JONES  
Senior United States District Judge